IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PAUL R. JOHNSON,
    Petitioner,

vs.                               Case No.:   5:19cv33/MCR/EMT

DIRECTOR OF THE BOP, et al.,
    Respondents.
_____/

## REPORT AND RECOMMENDATION

Petitioner Paul R. Johnson ("Johnson"), an inmate in the custody of the Florida Department of Corrections ("FDOC"), filed this habeas action seeking transfer to the custody of the federal Bureau of Prisons ("BOP") to commence service of his federal sentence (*see* ECF No. 1). This court construed the habeas petition as brought under 28 U.S.C. § 2241, and directed the BOP to respond (*see* ECF No. 18). The BOP filed a response, with evidentiary support, contending Johnson is not entitled to the relief he seeks (ECF No. 20). Johnson filed a reply (ECF No. 22).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R.

Civ. P. 72(b).   After careful consideration of the issues presented by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter.   It is further the opinion of the undersigned that Johnson's habeas petition should be denied.

I.   BACKGROUND[1]

On July 22, 2016, Johnson was arrested in Brevard County, Florida, for Possession of a Firearm by Convicted Felon, Use of Weapon in Commission of Felony, Sale or Delivery of Cocaine, and Possession of Cocaine, for which he was charged in the Circuit Court in and for Brevard County, Florida, Case No. 16-CF-34415 (Hodge Decl. ¶ 3).   On that date, Johnson was also arrested for Sale or Delivery of Heroin, Possession of Heroin with Intent to Sell, and Possession of Controlled Substance, for which he was charged in Brevard County Circuit Court Case No. 16-CF-34421(Hodge Decl. ¶ 3).

On August 18, 2016, while in custody at the Brevard County Jail, Johnson was arrested on additional state charges of Sale of Cocaine, Possession of Cocaine with Intent to Sell, and Possession of Cocaine, for which he was charged in Brevard

---

1 The facts included in all paragraphs of this section, except the last paragraph, are drawn from the declaration of Veronica Hodge, a Management Analyst at the BOP's Designation and Sentence Computation Center (ECF No. 20-2).   Johnson does not dispute the accuracy of the background facts as stated in Ms. Hodge's declaration (*see* ECF No. 22).

Case No.:   5:19cv33/MCR/EMT

County Circuit Court Case No. 16-CF-37955 (Hodge Decl. ¶ 4). On that date, Johnson was also arrested for Sale of Cocaine, Possession of Cocaine, and Possession of Cocaine with Intent to Sell or Deliver, for which he was charged in Brevard County Circuit Court Case No. 16-CF-37960 (Hodge Decl. ¶ 4).

On August 24, 2016, and November 17, 2016, the state prosecutor dismissed the charges in Case No. 16-CF-34415 (Hodge Decl. ¶ 5).

On November 16, 2016, Johnson was charged in the United States District Court for the Middle District of Florida, Case No. 6:16-CR-221-GKS-DCI, with three counts of possession of a firearm by a convicted felon, and three counts of possession with intent to distribute cocaine. *See United States v. Johnson*, Case No. 6:16-CR-221-GKS-DCI, Indictment, ECF No. 1 (M.D. Fla. Nov. 16, 2016). On November 23, 2016, the district court in the federal criminal case issued a writ of habeas corpus ad prosequendum (Hodge Decl. ¶ 6). *See Johnson*, Case No. 6:16-CR-221-GKS-DCI, Writ of Habeas Corpus ad prosequendum, ECF No. 10 (M.D. Fla. Nov. 23, 2016). On December 8, 2016, the United States Marshals Service ("USMS") "borrowed" Johnson from state officials by temporarily taking him into federal custody pursuant to the writ of habeas corpus ad prosequendum (Hodge Decl. ¶ 7). On May 17, 2017, the federal district court sentenced Johnson to a total term of 180 months in prison (Hodge Decl. ¶ 8). *See Johnson*, Case No. 6:16-CR-221-

GKS-DCI, Judgment, ECF No. 40 (M.D. Fla. May 18, 2017). The judgment was silent regarding the relationship of the federal sentence to any future state sentence (Hodge Decl. ¶ 8). *See Johnson*, Case No. 6:16-CR-221-GKS-DCI, Judgment, ECF No. 40 (M.D. Fla. May 18, 2017). On May 24, 2017, Johnson was returned to exclusive state custody (Hodge Decl. ¶ 8).

On July 9, 2017, the Brevard County Circuit Court sentenced Johnson in Case Nos. 15-CF-30492, 16-CF-34421, 16-CF-37955, and 16-CF-37960, to a total term of 7 years (84 months) in the FDOC, with credit for 363 days (Hodge Decl. ¶ 9). Johnson is currently serving this sentence in the FDOC. On July 27, 2017, the USMS lodged a federal detainer with the FDOC (*see* ECF No. 20-1).

On October 24, 2017, Johnson filed a "Motion for a Nunc Pro Tunc Designation" in his federal criminal case (Hodge Decl. ¶ 10). *See Johnson*, Case No. 6:16-CR-221-GKS-DCI, Motion, ECF No. 47 (M.D. Fla. Oct. 27, 2017). The federal court summarily denied the motion on November 27, 2017 (Hodge Decl. ¶ 10). *See Johnson*, Case No. 6:16-CR-221-GKS-DCI, Endorsed Order, ECF No. 48 (M.D. Fla. Nov. 27, 2017).

Johnson commenced this federal habeas action on February 23, 2018, by filing a habeas petition under 28 U.S.C. § 2254 in the Middle District of Florida (*see* ECF No. 1). The Middle District served the petition upon the Secretary of the FDOC

and the Florida Attorney General (*see* ECF No. 8). On September 11, 2018, the Secretary and the state Attorney General filed responses (ECF Nos. 11, 12). Johnson filed a reply on October 19, 2018 (ECF No. 14). In February of 2019, the Middle District transferred the case to this District (ECF No. 15).[2] The undersigned recharacterized this case as brought under 28 U.S.C. § 2241 and added the BOP as a Respondent (*see* ECF No. 18).

## II. DISCUSSION

Johnson alleges that because his federal sentence was imposed prior to his state sentence, and the state court ordered his state sentence to run concurrently with his federal sentence, he should be transported to a BOP facility for concurrent service of his federal and state sentences (ECF No. 1). Johnson contends the BOP and USMS's refusal to transfer him to a federal facility essentially lengthens his federal sentence by 7 years (the length of his state sentence) (ECF No. 22).

The BOP contends Johnson was not in exclusive federal custody when he was sentenced in federal court; rather, the USMS assumed only temporary jurisdiction of Johnson when they "borrowed" him from state officials to appear in court for the federal criminal proceedings. The BOP contends Johnson does not meet the

---

2 Due to administrative oversight, the clerk of court did not notify either of the assigned judges that the case was transferred to this District until August 15, 2019.

Case No.: 5:19cv33/MCR/EMT

statutory requirement for commencement of his federal sentence until he completes his state sentence and is turned over to the exclusive custody of federal officials (*see* ECF No. 20 at 8; Hodge Decl. ¶¶ 11–13). The BOP further contends that although it has the authority to designate a state facility for service of a federal sentence, it will not do so in Johnson's case, because the federal sentencing court rejected Johnson's request for such a recommendation.

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Federal statutes further provide:

> **(a) Commitment to custody of Bureau of Prisons.**—A person who has been sentenced to a term of imprisonment pursuant to the provisions of subchapter D of chapter 227 shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed, or until earlier released for satisfactory behavior pursuant to the provisions of section 3624.
>
> **(b) Place of imprisonment.**—The Bureau of Prisons shall designate the place of the prisoner's imprisonment . . . . The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—
>
> > **(1)** the resources of the facility contemplated;
> >
> > **(2)** the nature and circumstances of the offense;

> **(3)** the history and characteristics of the prisoner;
>
> **(4)** any statement by the court that imposed the sentence—
>
>> **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> **(B)** recommending a type of penal or correctional facility as appropriate; and
>
> **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
> . . . .
> Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.

18 U.S.C. § 3621(a), (b) (2018).

The United States Attorney General is responsible for the computation of federal sentences. *See United States v. Wilson*, 503 U.S. 329, 333–35 (1992) (holding that, although the new 18 U.S.C. § 3585 omits the language of the old § 3568, specifying the Attorney General is responsible for sentence computation, Congress did not intend to change this well-settled authority with the passage of the Sentencing Reform Act of 1984). The Attorney General's authority to compute federal sentences has been delegated to the BOP. *See Wilson*, 503 U.S. at 335; *see also* 28 C.F.R. § 0.96 ("The Director of the Bureau of Prisons is authorized to exercise or perform any of the authority, functions, or duties conferred or imposed upon the Attorney General by any law relating to the commitment, control, or

Case No.:   5:19cv33/MCR/EMT

treatment of persons . . . charged with or convicted of offenses against the United States . . . .").

As the agency responsible for computation of federal sentences, the BOP promulgated Program Statement 5880.28, Sentence Computation Manual—CCCA of 1984 (July 19, 1999), to provide guidance on applying those federal statutes related to sentence computations.

> BOP Program Statement 5880.28 provides:
>
> If the prisoner is serving no other federal sentence at the time the sentence is imposed, **and is in exclusive federal custody (not under the jurisdiction of a federal writ of habeas corpus ad prosequendum) at the time of sentencing** on the basis of the conviction for which the sentence is imposed, the sentence commences on the date of imposition, even if a state sentence is running along concurrently.

BOP Program Statement 5880.28, pp. 1–12 (emphasis added).

> The Program Statement further provides:
>
> A prisoner who is in non-federal custody at the time of sentencing may begin service of the federal sentence prior to arriving at the designated federal facility if the non-federal facility is designated in accordance with the Program Statement on Designation of State Institution for Service of Federal Sentence and 18 U.S.C. § 3621 (Imprisonment of a convicted person). This type of designation is ordinarily made only upon the recommendation of the sentencing court.

BOP Program Statement 5880.28, p. 1–13.

Here, the BOP reasonably interpreted and applied § 3585 and § 3621 in determining that because Johnson was not in exclusive federal custody at the time of his federal sentencing, and instead was under the jurisdiction of a federal writ of habeas corpus ad prosequendum, his federal sentence did not commence on the date it was imposed and instead will commence when he is received into the exclusive custody of federal officials upon completion of his state sentence. Additionally, because the BOP's designation of a place of imprisonment is not reviewable by any court, this court may not review the BOP's rejection of Johnson's request for nunc pro tunc designation.

Johnson has not demonstrated he is entitled to the relief he seeks in his habeas petition; therefore, it should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Petitioner's petition for writ of habeas corpus (ECF No. 1) be **DENIED**.

2. That the clerk of court enter judgment accordingly and close the case.

At Pensacola, Florida, this 18th day of November 2019.

>  /s/ Elizabeth M. Timothy
>  **ELIZABETH M. TIMOTHY**
>  **CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**